UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

SEHRA WAHEED,

               **Plaintiff**

        **-against-**                **25-cv-07751(ALC)**

**FRANK J. BISIGNANO** *in his capacity as the*      **ORDER**
*Commissioner of the Social Security*
*Administration*, **ET AL.,**

               **Defendants.**

-------------------------------------------------------- x

**ANDREW L. CARTER, JR., United States District Judge:**

Now before the Court are (a) Plaintiff's Motion for Leave to Further Amend the Second
Amended Complaint (Dkt. No. 58), (b) Defendants' Motion to Dismiss the Second Amended
Complaint (Dkt. No. 66); (c) Defendants' Motion for Leave to File Excess Pages (Dkt. No. 78);
and (d) Plaintiff's Motion for a Temporary Restraining Order ("TRO") Preliminary Injunction
("PI") (Dkt. No. 69) (hereinafter, the "Emergency Motion"), as well as Defendants' Opposition
thereto (Dkt. No. 71), and Plaintiff's Reply, dated January 23, 2026, which was initially received
by the Court via email (Dkt. No. 75).[1] For the reasons that follow, Plaintiff's Motion for Leave
to Further Amend the Second Amended Complaint (Dkt. No. 58) is **GRANTED**; all other
motions (Dkt. Nos. 66, 69, and 78) are **DENIED.**

**Plaintiff's Motion for Leave to Further Amend the Second Amended Complaint**

Plaintiff, who is proceeding *pro se*, seeks leave to further amend the Complaint. Dkt. No.
58. Plaintiff contends that the amendment is necessary to join additional defendants to this suit
that she claims were involved in medical malpractice conduct directly connected to the claims

---

1 Plaintiff Waheed is again reminded that it is not appropriate to email chambers with legal requests, and that all
briefs and/or correspondence with the Court must be filed on the docket.

already before the Court. Dkt. No. 58 at 1. Defendants oppose Plaintiff's request; they argue that the medical malpractice claims Plaintiff asserts against the purported additional defendants are distinct from her claims here, which concern her alleged denial of benefits by the New York Human Resources Administration.

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a Complaint should be "freely given when justice so requires." In addition, because Plaintiff is proceeding *pro se*, the Court construes Plaintiff's motion "liberally . . . reading [her] submissions to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). Here, Plaintiff's Motion plausibly alleges that further amendment of the Complaint may aid in the holistic resolution of this matter. Therefore, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Further Amend the Second Amended Complaint (Dkt. No. 58). Plaintiff's amended Complaint is due by **February 16, 2026.** Because the Court is granting Plaintiff leave to further amend her Complaint, Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. No. 66) and Motion for Leave to File Excess Pages (Dkt. No. 78) are **DENIED** without prejudice.[2]

### Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order

Plaintiff's Motion for a TRO and PI (Dkt. No. 69) is **DENIED**. In her Emergency Motion, Plaintiff asks for multiple forms of equitable relief, including an order that

---

2 Defendants should note that, contemporaneous with the filing of this Order, this matter will be referred to Magistrate Judge Lehrburger for general pre-trial oversight and for the resolution of all future motions to dismiss. Therefore, if after receiving the Third Amended Complaint Defendants still wish to move to dismiss, they should direct their request to Magistrate Judge Lehrburger.

(a) compels the judge in her state court proceeding[3], to immediately seal and remove from public access all "medical records filed as Exhibit B to Defendants' March 31, 2025 motion" in the state court suit;

(b) directs the New York State Office of Court Administration to immediately seal her medical records, and remove from public access all references to her reproductive history, Social Security Number, and Date of Birth;

(c) instructs defense counsel in the state court proceedings to notify search engines to de-index the materials she seeks to have sealed; and

(d) enjoins defense counsel in the state Court proceedings (none of whom are counsel in this matter) from disclosing Plaintiff's protected health information; referencing Plaintiff's reproductive history in any filing, and from distributing, sharing, or publishing any of Plaintiff's medical records obtained without authorization.

To the extent Plaintiff's Personally Identifiable Information was disclosed or otherwise made public during the state court proceedings, the Court understands Plaintiff's privacy concerns and Plaintiff has the Court's sympathies as she attempts to remove that information. However, as discussed in greater detail below, the relief Plaintiff seeks involves individuals not before this Court. The Court thus lacks personal jurisdiction over those Plaintiff seeks to enjoin, and on that basis, denies the Emergency Motion in its entirety.

Whether a court has jurisdiction over a non-party is a threshold inquiry that must be resolved before the court may properly consider the merits of a request for injunctive relief. *Do the Hustle, LLC v. Rogovich*, 2003 U.S. Dist. LEXIS 10445, at *6 (S.D.N.Y. June 17, 2003).

---

3 The state court case is listed in Plaintiff's brief as *Waheed v. Brar*, No. 800002/2025.

Here, the Court lacks personal jurisdiction over the individuals against whom Plaintiff seeks injunctive relief, and thus may not reach a decision on the merits of the Emergency Motion. Plaintiff's Emergency Motion alleges that 295 days ago, defense counsel in one of Plaintiff's state court proceedings allegedly filed several documents in support of a motion to dismiss, including several of Plaintiff's medical records that contain her PII. *See generally*, Dkt. No. 69. An examination of Plaintiff's Emergency Motion (Dkt. No. 69) and Reply make clear that neither the defendants in the state court proceeding nor defense counsel in those proceedings are party to this suit. Furthermore, Plaintiff does not seek relief against defense counsel in this suit or any of the defendants that *are* party to this suit. Plaintiff's Emergency Motion is bereft of any allegations as to how or why the Court should reach these non-parties. In the absence of such an explanation, the Court declines to infer personal jurisdiction exists and thus may not exercise any authority over defendants or defense counsel in the state court proceedings. The Emergency Motion is thus **DENIED**.

The Clerk of Court is respectfully directed terminate the pending motions at Dkt. Nos. 66, 69, and 78.

**SO ORDERED.**

**Dated:** **February 4, 2026**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

4