UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

SEHRA WAHEED,

                              Plaintiff,

          -against-

MOLLY WASOW PARK, ET AL.,

                           Defendants.

------------------------------------------------------------------------ x

25-cv-7751 (ALC)(rwl)

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

**ANDREW L. CARTER, JR., District Judge:**

On February 4, 2026, this matter was referred to United States Magistrate Judge Robert Lehrburger for general pretrial and dispositive motion. Dkt. 80. The Court now considers the Recommendation issued by Magistrate Judge Lehrburger on April 1, 2026, recommending that Plaintiff's motion for preliminary injunction and motions to compel compliance be denied, and the Report and Recommendation issued on April 23, 2026, recommending that Plaintiff's Motion to Reinstate the Commissioner and Release Benefits be denied. Dkt. 112, 131. For the reasons that follow, the Court adopts Judge Lehrburger's Reports in their entirety as the opinion of the Court.

## PROCEDURAL HISTORY

When she filed this case on September 18, 2025, Plaintiff included, as a defendant Frank J. Bisignano, in his capacity as Commissioner (the "Commissioner") of the Social Security Administration (the "SSA"). Plaintiff alleged that the SSA had unduly delayed in acting on her application of social security disability benefits and sought to compel the SSA to issue its decision. On December 9, 2025, however, the SSA issued that decision, finding that Plaintiff was entitled to benefits because she was disabled as of the onset date of January 1, 2023. Dkt. 51

1

at ECF 19-22. Plaintiff characterized the SSA's decision as "fully favorable." *Id.* at ECF 3-4. Plaintiff's claim against the SSA thus was rendered moot, and, on December 19, 2025, the Court dismissed the Commissioner as a defendant. Dkt. 55.

Between March 4 and 17, 2026, Plaintiff filed motions for emergency injunctive relief against the remaining defendants. Dkt. No. 85. Magistrate Judge Lehrburger recommended denial on April 1, 2026, as the Plaintiff had not met the requirements for emergency injunctive relief. Dkt. 112. Plaintiff filed an objection to Judge Lehrburger's Report on or about April 17. ECF No. 135.

Plaintiff also filed another emergency motion on April 3, 2026, seeking to reinstate the Commissioner as a defendant and compel release of retrospective disability benefits. Dkt. 118. Plaintiff stated that she "requested SSA reconsideration" and had not yet received relief. Dkt. 118 at 9. Magistrate Judge Lehrburger concluded that this Court does not have jurisdiction over SSA Commissioner Bisignano because Plaintiff had failed to exhaust her administrative remedies. Dkt. 131. Judge Lehrburger recommended denying Plaintiff's Motion to Reinstate the Commissioner and Release Benefits. No party objected to the recommendation within 14 days as instructed by Judge Lehrburger.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

A district judge must undertake a *de novo* review of any portion of a magistrate judge's

2

report that has been properly objected to. Fed. R. Civ. P. 72(b)(3). In the absence of objections, however, the Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *Graves v. Corr. Med. Serv.*, 667 F. App'x 18, 19 (2d Cir. 2016) (summary order) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)) (internal quotation marks omitted). In reviewing a report and recommendation free from objections, the district court reviews the report for clear error. *See Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *see also Patterson v. Rock*, No. 09-cv-1038, 2012 WL 3245489, at *1 (S.D.N.Y. Aug. 3, 2012).

A motion for preliminary injunction is dispositive motion and requires *de novo* review. *Mitchell v. Century 21 Rustic Realty*, 233 F.Supp.2d 418, 430 (E.D.N.Y. 2002). Preliminary injunctions are "extraordinary and drastic" remedies. *Grand River Enter. Six Nations, Ltd. V. Pryor*, 481 F.3d 60, 66 (2nd Cir. 2007). In order to obtain a preliminary injunction, a "movant must show: '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.'" *AIM Intl Trading, LLC v. Valcucine, SpA*, 188 F. Supp. 2d 384, 387 (S.D.N.Y. 2002) (citing *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979). There is an even higher standard for "mandatory injunctions compelling affirmative action rather than merely prohibiting certain conduct." *JLM Courture, Inc. v. Gutman*, 24 F.4th 785, 799 n.16 (2nd Cir. 2022).

## DISCUSSION

3

The Court turns first to Judge Lehrburger's April 1, 2026, Order recommending denial of Plaintiff's motions for emergency injunctive relief, Dkt. 85, and to compel compliance, Dkts. 94 and 107. Judge Lehrburger properly concluded that Plaintiff was not entitled to emergency injunctive relief.

## I.  APRIL 1, 2026, RECOMMENDATION AND ORDER

### A.  Timeliness of Plaintiff's Objection

In his April 1, 2026, order, Judge Lehrburger ordered the parties to file any objections to his recommendation within 14 days. *See* Dkt. 112. The deadline was thus April 15.

Plaintiff's objection is dated April 24, 2026. Plaintiff contends that she sent her objection to the Pro Se Intake Unit on April 17, 2026. *See* Dkt. 152 at 9. Even if the Court were to take this statement as true, the Objection was still filed after the deadline had expired.

Plaintiff contends that Defendants filed the Objection on her behalf as an exhibit to Docket 122 and makes several accusations that the Defendants made a "misrepresentation" to the Court. *See, e.g., id.* The Court takes such an allegation seriously, in part because the Federal Rules of Civil Procedure empowers the Court to penalize parties who submit "materially false" pleadings or fail to correct false statements. *See Braun ex rel. Advanced Technologies, Inc. v. Zhiguo Fu*, 2015 WL 4389893, at *17 (S.D.N.Y. 2015).

The Court finds, however, that Defendants did not make a "misrepresentation." Docket 122 does in fact contain an exhibit; Exhibit 1 is Plaintiff's Objection to Defendant's Motion for Leave to File Excess Pages. Plaintiff provides no justification for her tardiness. Plaintiff's arguments are nonmeritorious, and the Court finds that Plaintiff's Objections are subject to waiver.

This deadline is nonjurisdictional, and Plaintiff's failure to timely file her objection may be excused in the interests of justice. *Deleon v. Strack*, 234 F.3d 84, 86 (2nd Cir. 2000). Accordingly, I will excuse the violation and consider Plaintiff's Objections on the merits.

### B.    Review of Judge Lehrburger's Order

#### i.    Fair Hearing Orders

As Judge Lehrburger correctly concluded, Plaintiff's claims regarding a purported failure to comply with the fair hearing orders is moot.

"Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013). Mootness is therefore an essential threshold in this case. If the core question has already been resolved, meaning the Plaintiff has already received the remedy she requests, the Court cannot hear this case. The core question, as Plaintiff stated, is whether Defendant indeed complied with the Fair Hearing Orders "[r]equiring processing of Plaintiff's housing assistance applications." Dkt. 85 at 8. If Plaintiff has already received that remedy, this case is moot, and the Court lacks subject matter jurisdiction.

Defendants make a fact-based argument that Plaintiff's request for emergency relief is moot. *See* Dkt. 100 at 10. Where the defendant makes a fact-based argument for mootness, the defendant is permitted to "proffer[] evidence beyond the pleading." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 57 (2d Cir. 2016) (cleaned up). The court is entitled to rely on undisputed facts "in aid of its decision as to [mootness]." *Id.*

If Defendants are correct and Plaintiff has received the requested remedy, then this court lacks subject matter jurisdiction. This question has two parts. The Court has to decide, first (i)

5

what did the Fair Hearing Orders require Defendants to do, as a matter of law; and next (ii) whether Defendants did in fact comply with what the Fair Hearing Orders required.

The first question is a legal question. This Court is not required to adopt either party's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Instead, the Court must exercise its independent judgement in resolving legal questions. "In considering the scope of administrative orders, courts apply principles of contract interpretation" and construction. *See Zimmerman v. Banks*, 2024 WL 4882370, at *4 (S.D.N.Y. 2024). The Court is "not constrained to accept the allegations of the complaint in respect of the construction of the [Order], although—at this stage in the proceedings—we will strive to resolve any...ambiguities in [Plaintiff's] favor." *See Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2nd Cir. 1995).

I find no ambiguity in the Fair Hearing Orders. A contract is "unambiguous if the language it uses has a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion." *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011). The text of the Orders is clear and leaves no room for dispute. Defendants were required to "continue processing Plaintiff's application" with respect to Fair Hearing Order number 8717093H; "investigate Plaintiff's eligibility" with respect to Fair Hearing Order number 8739247H; and "re-evaluate" and "properly process Plaintiff's application" with respect to Fair Hearing Order number 9028059Y. Dkt. 94 at 16-17 (Plaintiff's summary of the Fair Hearing Orders).

Plaintiff contradictorily charges that the Fair Hearing Orders required more than that the Defendants "review[] Plaintiff's eligibility status following issuance of Fair Hearing

6

determinations." Dkt. 152 at 10. However, the Orders themselves indicate that such a review is all that the Fair Hearing Orders required. The Orders address a procedural defect and prescribe a procedural remedy. None of the Orders are concerned with the *merits* of Plaintiff's requests for assistance. *See, e.g.,* Dkt. 101-6 at 4 (stating that the "failure to act on Appellant's application…is not correct."). Further, none of the Orders assume or state that Plaintiff was eligible for the requested assistance. *See* Dkts. 101-5 at 5 ("if Appellant is eligible"), 101-6 at 4 ("if Appellant is found eligible"), 101-11 at 5 ("if found eligible"). The text of the Orders cannot support Plaintiff's legal conclusion that the "corrective action" that the Fair Hearing Orders required necessarily included approving her assistance requests.

The second question—whether Defendants complied with the Fair Hearing Orders—is a factual question. Here, the Court must accept as true all allegations in the complaint and resolve any ambiguities in Plaintiff's favor. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

However, here too there is no ambiguity. Plaintiff attested in the April 1, 2026, hearing that the City agencies did conduct the review as instructed by the Fair Hearing Orders. *See* Dkt. 120 at 4:8-5:12. Plaintiff clearly disagrees with the outcome of the review, but that disagreement alone does not negate the fact that the City agencies did complete the review as ordered. The court also takes note that each of the Fair Hearing Orders was followed by a Compliance Statement, in which Defendant or its employees provided the rationale for their decisions. *See* Dkts. 101-5 at 5, 101-7 at 5, 9, 101-11 at 5. The comments provided on the Compliance Statements further support the conclusion that the review did in fact occur. *See* Dkt. 103 at 11 (Plaintiff states that she "now understand from reviewing the Compliance Statement comments that HRA actually conducted a substantive review of my applications and made eligibility

7

findings"). The undisputed facts therefore show that Defendant did comply with the Fair Housing Orders, insomuch as they "require[ed] processing of Plaintiff's housing assistance applications." Dkt. 85 at 8.

The undisputed facts in the record therefore compel the Court's finding of mootness. Accordingly, the Court adopts Judge Lehrburger's recommendation with respect to the Fair Hearing Orders.

### ii.    Repayment Agreements

Judge Lehrburger also found no likelihood of success on the merits with regards to Plaintiff's Repayment Agreement argument.

Whether the Defendants actually engaged in an agreement with the Plaintiff is another legal question. "The question of whether a binding agreement exists is generally a legal question for the courts to decide." *Hudson Techs., Inc. v. RGAS, LLC*, 716 F. Supp. 3d 327, 333 (S.D.N.Y. 2024).

Judge Lehrburger also correctly found that the Repayment Agreements did not create an obligation for the City to pay Plaintiff $238,125. The Repayment Agreements are a prerequisite to eligibility; they do not confirm that the applicant *will* receive the requested funds. The record supports this reading. For example, the December 15, 2023, Notice of Decision on Assistance to Meet an Immediate Need or Emergency Grant notes that Ms. Waheed "requested assistance" on November 6, 2023. Dkt. 67-1, at 4. This is a clear refence to Ms. Waheed's second application for immediate assistance, the application for which necessarily included a Repayment Agreement. *See* N.Y. Comp. Codes R. & Regs. Tit. 18 § 370.3(b)(5). The W-147H Forms do not, as Plaintiff argues, represent authorization. *See* Dkt. 85 at 9.

8

Plaintiff confuses " unilateral expectation" with entitlement. *See* Dkt. 135 at 14. Plaintiff may have expected that she would receive the funds. This, however, does not mean that she was entitled to the funds, not to mention being eligible. As Judge Lehrburger noted, and contrary to Plaintiff's legal conclusions, the Forms do not "establish a legitimate expectation." *See* Dkt. 135. The Forms represent "a request for discretionary benefits." *See id.*

Accordingly, the Court adopts Judge Lehrburger's recommendation with respect to the Repayment Agreements.

### iii.　　Due Process Claim

Judge Lehrburger correctly found no likelihood of success regarding Plaintiff's due process claim.

Applicants who are qualified to receive public assistance benefits are entitled to due process. *M.K.B. v. Eggleston*, 445 F. Supp. 2d 400, 432 (S.D.N.Y. 2006). In this context, due process generally requires pre-deprivation notice and an opportunity to be heard. *Waheed v. Park*, 2025 WL 1127176, at *4 (citing to *Goldberg v. Kelly*, 397 U.S. 254, 260-61 (1970)). "Where a person is deprived of a property right because of a random and unauthorized act, rather than through the operation of established state procedures, the Due Process Clause is satisfied if the state provides an adequate post-deprivation remedy." *Id.*

Plaintiff raises three objections to Judge Lehrburger's conclusion. First, she alleges that Judge Lehrbuger "failed to address notice defects" and their constitutional significance. *See* Dkt. 135 at 16. Next, she alleges that Judge Lehrburger erred in finding that the availability of Article 78 review precluded her claims. *See id.* 23-24. Finally, she argues that Judge Lehrburger "failed to address municipal liability." *Id.* at 25. Each of these objections fails, and I adopt Judge Lehrburger's ruling as it relates to Plaintiff's claims for deprivation of due process.

9

First, the "notice defects" that Plaintiff alleges do not have any constitutional significance. While it is true that due process requires notice and an opportunity to be heard, *see Boddie v. Connecticut*, 401 U.S. 371, 378 (1971), the Constitution does not entitle each person to the notice of their choice. Plaintiff fails to plausibly allege that she received inadequate notice and thus suffered a deprivation of due process. Plaintiff's argument contains a fatal contradiction. Plaintiff fails to explain why email notice would have been effective, if she argues that notice provided through the online portal was insufficient. *Compare* Dkt. 103, at 12 (Plaintiff requested "email communication") *with* Dkt. 152, at 15 (Plaintiff has difficulty accessing "online systems").

Second, Plaintiff misunderstands the import of the availability of Article 78 review for two independent reasons. Contrary to Plaintiff's position, Article 78 review has been found by several courts to be an adequate state provided remedy. *See* 2025 WL 2577983. Additionally, Judge Lehrburger did not hold that the availability of Article 78 review deprived the Court of jurisdiction. Instead, the availability of Article 78 review as an adequate state-provided remedy means that Plaintiff cannot show a likelihood of success on the merits. "The state satisfies procedural due process requirements so long as it provides meaningful post-deprivation remedy." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2nd Cir. 2006). Plaintiff has therefore failed to state a claim for violation of procedural due process. *See Aronson v. Hall*, 707 F.2d 693, 694 (2nd Cir. 1983) ("Having chosen not to pursue available" state provided review, Plaintiff "is hardly in a position to claim" that the state denied her due process); *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991) ("if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983").

Finally, because Plaintiff failed to demonstrate any success on the merits for her due process claim, the Court is not required to independently address her *Monell* claims. *Segal v. City of New York*, 459 F.3d 207, 219 (2nd Cir. 2006) ("Because the [court] properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

Accordingly, the Court adopts Judge Lehrburger's recommendation with respect to the due process claim.

### iv.    Title II of the ADA and Rehabilitation Act

Plaintiff Objects to Judge Lehrburger's finding that she had no likelihood of success on the merits for her claim for violation of Title II of the ADA and the Rehabilitation Act. Plaintiff's Objection is not meritorious.

Plaintiff argues that she adequately plead a claim under Title II of the ADA. Judge Lehrburger found Plaintiff's allegations to be conclusory because Plaintiff did not provide sufficient reason for the Court to find that the requested accommodations were necessary. I agree.

A pleading that offers "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (cleaned up). The Plaintiff must plead specific facts sufficient to plausibly make out a claim. *See id.* at 680. The ADA requires public entities to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant." *McElwee v. Cnty of Orange*, 700 F.3d 635, 641 (2nd Cir. 2012). "Although a public entity must make 'reasonable accommodations,' it does not have to provide a disabled individual with every accommodation he requests or the accommodation of his choice." *Id.* "Whether a requested accommodation is

required is highly fact-specific, requiring case-by-case determination." *Logan v. Matveevskii*, 57 F.Supp.3d 234, 256 (S.D.N.Y. 2014) (cleaned up). Plaintiff was therefore required to plead sufficient facts showing that her requested accommodations were required under the ADA, instead of simply stating conclusions that the accommodations were necessary to "meaningfully participate" in the program.

Here, Plaintiff does not provide sufficient factual allegations to show that the accommodations that she requested were warranted. Plaintiff repeatedly states that she requested accommodations for her disabilities. She does not, however, explain to the Court why the accommodations were necessary or indicate which disability provided grounds for which requested accommodation. Her allegations fall short of the heightened standard necessary for the "extraordinary and drastic" remedy of a preliminary injunction.

Accordingly, the Court adopts Judge Lehrburger's recommendation with respect to the ADA claim.

### v.    Plaintiff's Remaining Objections

Plaintiff's remaining Objections regarding irreparable harm are the same essential arguments that Plaintiff made in support of her motions for injunctive relief. The district court will review the report and recommendation for clear error where a party's objections are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Nambiar v. Central Orthopedic Group, LLP*, 158 F.4th 349, 361 (2nd Cir. 2025) (cleaned up). Having reviewed those objections that are merely perfunctory responses, the Court finds none.

## II.    Judge Lehrburger's April 23, 2026, Report and Recommendation

Despite notification of the right to object to the Report and Recommendation, Plaintiff has filed no objections as to Judge Lehrburger's April 23, 2026, Recommendation. Where no timely objections are made, the Court may adopt the Report and Recommendation as long as there is no clear error on the face of the record. *Sacks v. Gandhi Eng'g, Inc.*, 999 F. Supp. 2d 629, 632 (S.D.N.Y. 2014) (citing *Wilds v. United Parcel Serv.*, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003)). In light of the lack of any objections to the Recommendation and the fact that Court finds no clear error in the record, the Court adopts the April 23 Recommendation in its entirety.

## CONCLUSION

**SO ORDERED.**

**Dated:**       **New York, New York**
              **July 2, 2026**

                                             _____
                                             **ANDREW L. CARTER, JR.**
                                             **United States District Judge**

13