UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEHRA WAHEED,<br><br>Plaintiff,<br><br>- against -<br><br>MOLLY WASOW PARK, ET AL.,<br><br>Defendant. | 25-CV-7751 (ALC) (RWL)<br><br>**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance on behalf of Plaintiff in the above-captioned action. Counsel may put in a general or limited appearance for particular purposes.

Plaintiff has requested appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). She previously filed a Request to Proceed *in Forma Pauperis*, which the Court granted. (Dkt. 5.) Plaintiff therefore qualifies as indigent as required by the statute. Plaintiff currently is facing circumstances in which she lacks housing and financial resources and faces both physical and mental health challenges that limit her ability to adequately represent herself. She needs legal assistance and guidance in applying for and obtaining public benefits, if she is entitled to them, and prosecuting legal claims, if she has any that are not meritless.

Plaintiff asserts claims against two New York City agencies, and against two sets of attorneys. Plaintiff asserts claims under the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), the Rehabilitation Act (29 U.S.C. § 794), the Fair Housing Act (42 U.S.C. § 3604), section 1983 of the Civil Rights Act (42 U.S.C. § 1983), and the Fourteenth

Amendment. Plaintiff alleges that the New York City Human Resources Administration ("HRA"), Department of Social Services ("DSS") and the agencies' administrators have improperly withheld emergency assistance benefits and failed to make reasonable disability accommodations. Plaintiff further alleges that the attorney defendants deprived Plaintiff of due process and improperly disclosed confidential information in medical malpractice lawsuits brought by Plaintiff. The operative complaint is located at Dkt. 81.

Currently, there are pending motions to dismiss by each of the three sets of defendants. Plaintiff previously has filed several successive motions for emergency relief with respect to obtaining public benefits. The Court has denied those applications principally because there is little to no likelihood of success on the legal claims as currently asserted in her complaint. That does not mean, however, that Plaintiff may not have some other cognizable claim or that she necessarily is not entitled to any public benefits. She requires legal assistance to make these assessments and guide her through available application processes and advocate on her behalf.

Although the Court previously denied Plaintiff's application for pro bono counsel, the Court has determined that circumstances have sufficiently changed so as to warrant appointment of pro bono counsel if willing counsel comes forward. The Court finds that a request by the Court to appoint pro bono counsel is warranted and that current circumstances satisfy the standards set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.

The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

As noted above, Pro bono counsel may appear for general or limited purposes, and, if for limited purposes, will not be obligated for any aspect of Plaintiff's representation beyond those limited purposes. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

Accordingly, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff must continue to proceed without an attorney unless and until an attorney enters an appearance on her behalf.

SO ORDERED.



ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 14, 2026
New York, New York

Copies transmitted this date to all parties of record.