UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SEHRA WAHEED, Plaintiff, - against - MOLLY WASOW PARK, ET AL., Defendants. | : | 25-CV-7751 (ALC) (RWL) **ORDER** |

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses Plaintiff's duplicative applications at Dkts. 258 and 259.

1. The Court has already granted Plaintiff's request for appointment of pro bono counsel. (Dkt. 266.) Even though the Court has authorized appointment, however, there is no guarantee that pro bono counsel will appear. Plaintiff must continue to represent herself unless and until pro bono counsel puts in an appearance. The Court reminds Plaintiff that there are organizations that provide free legal services for qualifying individuals (for instance, the Legal Aid Society as just one example), but it is up to Plaintiff whether to reach out to such organizations.

2. The Court does not have a sound basis to initiate a competency inquiry pursuant to Fed. R. Civ. P 17(c)(2). Plaintiff [redacted] is facing significant hardship (as she explains – [redacted]). A recent decision of the Commissioner of Social Security determined that [redacted] (*See* Dkt. 258 at ECF 16-20 (the "SSA Decision").) [redacted] But the decision does not allude to or suggest

incompetency. Similarly, the April 2026 letter submitted from [redacted] does not at all suggest that Plaintiff is incompetent (the "Provider Letter"). The Court already has concluded that Plaintiff and her case meet the requisites for appointment of pro bono counsel, but that is a far different standard than incompetency. *See Romano v. Laskowski*, No. 22-1896, 2024 WL 4635227, at *2 (2d Cir. Oct. 31, 2024) (affirming district court's not holding a competency inquiry and explaining "[a]s the district court concluded, this evidence may suggest that [Plaintiff] 'almost certainly suffers from some degree of mental illness' … [b]ut the record speaks only to mental illness – not incompetence. And there is no necessary relationship between the two") (internal quotation marks omitted from second sentence) (citing *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003)).

3. The Court has accepted the SSA Decision and the Provider Letter (together, what Plaintiff terms her "Medical Exhibits") into the record on multiple occasions. Plaintiff need not refile the Medical Exhibits or repeat the request that they be accepted into the record.

4. The request for preliminary and procedural relief referred to by Plaintiff has been dealt with in other orders and reports and recommendations and will not be revisited here.

5. The Court already has granted, and put into effect, Plaintiff's request for remote participation where appropriate. Requests for "reasonable breaks" and other such accommodations will, as before, be considered on a case-by-case basis as appropriate.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 258 and 259.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: October 20, 2026
New York, New York

Copies transmitted this date to all parties of record.